## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY, <br><br> *Plaintiff*s, <br><br> v. <br><br> GUANGXI HAOCHEN INFORMATION TECHNOLOGY CO., LTD. D/B/A LINDONS SHOP, <br><br> *Defendant.* | Case No.  1:25-cv-13604 |

## COMPLAINT FOR PATENT INFRINGEMENT

### I.    INTRODUCTION AND NATURE OF THE ACTION

1.    Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") bring this action for patent infringement against Defendant Guangxi Haochen Information Technology Co., Ltd. D/B/A Lindons Shop ("Defendant").

2.    SharkNinja began three decades ago with the mission of providing more efficient, user-friendly, and affordable household appliances.  SharkNinja has grown into a market leader; a global brand with more than 20 categories of home appliance products, including floorcare products, environmental products (such as fans and purifiers), kitchen appliances, and, relevant to this case, indoor cooking, and frozen drink makers and systems.  SharkNinja has eight offices and thousands of employees in the United States.   SharkNinja's headquarters is located in Massachusetts.

3.    SharkNinja has a particular history as a pioneer and innovator.  SharkNinja devotes significant resources to research and development, including a team of more than 800 design

engineers who focus on developing new products and features to improve and revolutionize household appliances. This approach has been overwhelmingly successful: SharkNinja has been awarded more than 4,500 patents on its home appliance innovations.

4. This action concerns SharkNinja's intellectual property rights related to its wet/dry vacuums (also known as "vac-mops"). Specifically, this action concerns Defendants infringement of SharkNinja's U.S. Patent No. 10,993,594 (the "'594 Patent") (**Exhibit A**), relating to a novel replacement cleaning head for a vac-mop including a dirt collection chamber attached to the cleaning head.

5. SharkNinja brings this suit because Defendant has infringed the '594 Patent by making, selling, offering to sell, using, and importing the accused product bearing Amazon.com ASIN B0FHVTXJTS (the "Accused Product").

6. Defendant's infringement of the '594 Patent has caused SharkNinja significant, irreparable, and ongoing harm, including because Defendant is using SharkNinja's intellectual property to directly compete with and take sales from SharkNinja.

7. SharkNinja thus brings this action under the patent laws of the United States, Title 35 United States Code, including 35 U.S.C. §§ 271, 284–285, and 289 to remedy Defendant's continued infringement and the damages SharkNinja has suffered and continues to suffer as a result of Defendant's infringement.

## II.    PARTIES, JURISDICTION, AND VENUE

8. Plaintiff SharkNinja Operating LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

9. Plaintiff SharkNinja Sales Company is a Delaware Corporation organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100,

Needham, Massachusetts 02494.  SharkNinja Sales Company is a wholly owned subsidiary of SharkNinja Operating LLC.  SharkNinja Sales Company is an implied licensee of the '594 Patent.

10.     On information and belief, Defendant is a Chinese limited liability company with an address at Room 907, 9/F, Unit 2, Building 20, Shengtian Dongjun, No. 58 Kunlun Avenue, Xingning District, Nanning, Guangxi 530024, China.  Defendant has the following "Seller ID" on Amazon.com: A2EX46JFZUFDUM.

11.     This Court has jurisdiction over the subject matter of SharkNinja's patent infringement claims pursuant to 28 U.S.C. ¶¶ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Defendant because Defendant conducts business in in this District, including at least, upon information and belief, selling, offering for sale, and shipping the Accused Product in this District.  Defendant further offers to place and/or places the Accused Product into the stream of commerce in this District with the knowledge or understanding that these products would be used or sold in this District.

13.     Venue is proper in this District because Defendant has conducted and is conducting business in this District, both generally and with respect to SharkNinja's claims, and on information and belief, Defendant has committed acts of infringement in this District by at least selling, offering for sale, and shipping the Accused Product into this District.

14.     It is in Massachusetts's interest to ensure its businesses, including SharkNinja, can have controversies decided in its home forum.  Moreover, it is in Massachusetts's interest as a hub of commerce to ensure that intellectual property rights are respected in this forum.

## III.    COUNT I:  INFRINGEMENT OF THE '594 PATENT

15.      SharkNinja incorporates by reference and realleges the allegations above.

16.     U.S. Patent No. 10,993,594 (**Exhibit A**), entitled "Cleaning Device," was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on May 4, 2021.

17.    SharkNinja Operating LLC owns all rights, title, and interest in the '594 Patent. SharkNinja Sales Company is an implied licensee of the '594 Patent.  Together, SharkNinja Operating LLC and SharkNinja Sales Company (collectively, the "SharkNinja US Entities") are involved in the sale and distribution of cleaning devices and are collectively harmed by the infringing acts of Defendant.

18.    The application for the '594 Patent was filed on September 30, 2020 and claims priority to three provisional applications filed on September 11, 2017, September 28, 2017, and October 27, 2017.

19.    Defendant has directly infringed, and continues to infringe, one or more claims of the '594 Patent, including at least claim 1, in violation of 35 U.S.C. § 271 by, among other things, making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Accused Product.  Defendant has also infringed the '594 Patent by knowingly and actively inducing others to infringe, in contravention of 35 U.S.C. § 271, by encouraging and/or inducing retailers to sell the Accused Product in the United States, and by encouraging and/or inducing consumers to use the Accused Product in the United States.

20.    Claim 1 of the '594 Patent recites:

1. A replacement head for use with a cleaning device, comprising:

a planar cleaning sheet having a lower surface configured to contact a surface to be cleaned; and

a housing defining a chamber therein for receiving debris, the housing positioned only on a front half of the planar cleaning sheet and extending adjacent a leading portion of the cleaning sheet such that a trailing edge of the planar cleaning sheet is configured to extend rearward along the surface to be cleaned from a rear edge of the housing, the housing including an opening formed therein for allowing debris to flow into the chamber,

wherein the trailing edge is defined by a portion of the outer
perimeter edge of the cleaning sheet.

21.    The Accused Product infringes at least claim 1 of the '594 Patent.  For example,
the Accused Product comprises a replacement head for use with a cleaning device.  The Accused
Product further comprises a planar cleaning sheet having a lower surface configured to contact a
surface to be cleaned.  The Accused Product further comprises a housing defining a chamber
therein for receiving debris.  The housing in the Accused Product is further positioned only on a
front half of the planar cleaning sheet and extending adjacent a leading portion of the cleaning
sheet such that a trailing edge of the planar cleaning sheet is configured to extend rearward along
the surface to be cleaned from a rear edge of the housing.  The housing in the Accused Product
further includes an opening formed therein for allowing debris to flow into the chamber.  The
trailing edge of the Accused Product is defined by a portion of the outer perimeter edge of the
cleaning sheet.

22.    Defendant's infringement has been willful.  For example, SharkNinja has notified
Defendant of its infringement of the '594 Patent through the Amazon APEX program, Complaint
ID: 18722318981.

23.    Defendant is liable for contributory infringement of the '594 Patent under 35 U.S.C.
§ 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused
Product within the United States because the Accused Product constitutes a material part of the
invention embodied in the '594 Patent, which Defendant knows to be especially made and/or
especially adapted for use in infringement of the '594 Patent, and which is not a staple article or
commodity of commerce suitable for substantial non-infringing use.

24.    Specifically, Defendant contributes to the infringement of the '594 Patent by, *inter
alia*, promotion, and/or sales of the infringing Accused Product to Defendant's customers, and

knowingly instructing those customers to use the Accused Product to infringe the '594 Patent. Those customers directly infringe the '594 Patent by using the Accused Product.

25.    SharkNinja has sustained damages as a direct and proximate result of Defendant's infringement of the '594 Patent.  Defendant has used the invention of the '594 Patent to directly compete with SharkNinja.  Defendant's infringement of the '594 Patent has caused irreparable harm to SharkNinja and will continue to do so unless enjoined.  As a result, SharkNinja is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## IV.    PRAYER FOR RELIEF

WHEREFORE, SharkNinja prays for relief, as follows:

    a.    A judgment that Defendant has infringed one or more claims of '594 Patent.

    b.    A judgment that Defendant's infringement of one or more claims of the '594 Patent has been willful.

    c.    A preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, attorneys, and those persons acting in concert with Defendant, from making, using, offering to sell, selling, distributing, and/or importing the Accused Product subject to the patent infringement claims above.

    d.    Such other relief as this Court deems just and proper.

## V.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja hereby demands trial by jury on all issues raised in this Complaint.

Dated:  November 26, 2025                    Respectfully submitted,


**GIBSON, DUNN & CRUTCHER LLP**        **SHOOK, HARDY & BACON L.L.P.**

*/s/ Brian A. Rosenthal*                     */s/ Emyr T. Remy*
Brian A. Rosenthal (*pro hac vice* forthcoming)   Emyr T. Remy, (BBO# 704156)
200 Park Avenue                        One Federal Street, Suite 2620
New York, New York 10166-0193          Boston, MA 02110
brosenthal@gibsondunn.com              (617) 531-1411
                                       remy@shb.com
Brian M. Buroker (*pro hac vice* forthcoming)
David Brzozowski (*pro hac vice* forthcoming)
1700 M Street, N.W.
Washington, D.C. 20036-4504
bburoker@gibsondunn.com
dbrzozowski@gibsondunn.com


*Attorneys for Plaintiffs*
*SHARKNINJA OPERATING LLC and*
*SHARKNINJA SALES COMPANY*